FILED

2017 MAR -9 AM 10: 46

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 5:17-cv-91-OC-41PRL

CASEY LOFTON

    Plaintiff,

vs.

LL & J CONCRETE, INC.
and LEVI N. WEST

    Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, CASEY LOFTON, through counsel, sues Defendants, LL & J CONCRETE, INC., and LEVI N. WEST, and alleges the following:

1. This is an action for damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq.

2. Plaintiff resides in Marion County, Florida and is a past employee of Defendants.

3. Defendant, LL & J CONCRETE, INC., (Hereinafter "LL & J") is a corporation that regularly transacts business within Marion County, Florida

4. At all times material hereto, Defendant LL & J was engaged in commerce as a concrete, block and bricks contractor, and as part of its operations, caused its employees inlcuding Plaintiff to handle materials and further utilized equipment and tools that were manufactured in other states and had moved in interstate commerce.

5. At all times material hereto, Defendant LL & J was the "Employer" of Plaintiff as that term is defined under statutes referenced herein and was an "Enterprise," as it along with its employees was engaged in interstate commerce as described above and has annual gross sales and/or business volume of $500,000 or more.

6. At all times material hereto, Defendant, LEVI N. WEST, was a resident of the State of Florida and was, and now is, the managing agent, director and/or owner of Defendant, LL & J; said Defendant acted and acts directly in the interests of the Defendant, LL & J., in relation to said co-Defendant's employees. Defendant, LEVI N. WEST, effectively dominates LL & J administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, Defendant LEVI N. WEST was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

7. In justifiable reliance upon Defendants' representations and promises, Plaintiff accepted employment and began working for Defendants as an apprentice, laborer, and brick and block layer.

8. During part of Plaintiff's employment (from approximately 2/16/15 through 9/29/16) Plaintiff accrued damages in the amount of $5,040 consisting of unpaid overtime. During said period of time, Plaintiff worked an average of 45 hours per week and was paid an average of $12.00 per hour but was never paid the extra halftime overtime rate for hours worked above 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the halftime overtime rate for the 5 hours of overtime he averaged each week. Accordingly, the estimated

amount of damages owed to the Plaintiff is as follows: 84 weeks worked X $6 halftime X 5 hours of overtime per week X 2 (liquidated damages) = $5,040.00.

9. Defendant has knowingly and willfully refused to tender payment of wages owed to Plaintiff full well knowing that he was not exempt from overtime.

10. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

11. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

12. Plaintiff reavers and realleges paragraphs 1-11 herein.

13. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that Plaintiff is entitled to: (i) overtime pay, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

14. Plaintiff seeks recovery of damages as referenced above and further seeks costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, plus costs, reasonable attorney's fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Goldberg & Loren, P.A.
100 S. Pine Island Rd. – Suite 132
Plantation, FL. 33324
Phone: (954) 585-4878
Facsimile: (954) 585-4886
E-Mail: JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Bar No.: 55409