UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CASEY LOFTON,**

    Plaintiff,

v.                                              Case No: 5:17-cv-91-Oc-CEMPRL

**LL & J CONCRETE, INC. and LEVI N. WEST**

    Defendants.

## REPORT AND RECOMMENDATION[1]

Upon referral, this Fair Labor Standards Act ("FLSA") matter is before the Court on the parties' joint motion for approval of the settlement agreement. (Doc. 23). Thus, the Court must determine whether the settlement between Plaintiff Casey Lofton and Defendants LL&J Concrete, Inc. and Levi N. West is a "fair and reasonable resolution of a bona fide dispute" over Fair Labor Standards Act ("FLSA") issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

### I. Legal Standards

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

## II. Discussion

As set forth in the parties' settlement agreement (Doc. 25-1), Defendants will pay a total sum of $2,992.00 to resolve this matter, to include the following: (1) $246.00 in wages, (2) $246.00 in liquidated damages, and (3) $2,500.00 to Plaintiff's counsel for attorney's fees. The parties were represented by experienced counsel and both the terms and conditions of the parties' settlement were the subject of arms-length negotiations between counsel. The parties have determined that it is in their respective best interest to conclude the dispute and issues alleged by a fair, full and complete payment and satisfaction of the claims of Plaintiff, without continuing this lawsuit. The parties agree that that the settlement is fair and reasonable.

With respect to the agreed-to sum for attorney's fee and costs, the parties represent that they were negotiated separately from Plaintiff's recovery. *See Bonetti v. Embarq Mgmt.Co.*, Case

No.: 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009). Under the circumstances, I submit that the amount of $2,500.00 for attorney's fees appears to be reasonable.[2]

As for the remaining portions of the settlement agreement, there are two inappropriate provisions. First, the release of claims in Paragraph 3 purports to broadly release any and all claims "known or unknown, which presently exist or shall accrue, which he has raised, or which he might have raised against Defendants." Generally, such broad releases are "'side deals' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[ ] an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno v. Regions Bank*, 729 F.Supp.2d 1346, 1351-52 (M.D. Fla. 2010).

Courts in this District have nonetheless approved FLSA settlement agreements accompanied by separate general releases where there is consideration beyond what is due for the FLSA claims.[3] *See e.g., Buntin v. Square Foot Management, Co. LLC*., 2015 WL 3407866, * 2-3, Case No. 6:14–cv–1394–Orl–37GJK (M.D. Fla. May 27, 2015) (Dalton, J.) (approving FLSA

---

[2] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "an in depth analysis . . . unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007)(quoting *Perez v. Nationwide Protective Servs.*, Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005)). As the total fee award sought in this case is not patently unreasonable based on the history of this case and Plaintiff does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

[3] While courts have approved FLSA settlements which were accompanied by separate agreements for general releases, courts do not approve or express an opinion of the terms of those separate agreements. *See Brozman v. Jenniferjames Haircolorxperts*, LLC, 2016 U.S. Dist. LEXIS 23231, *1 n. 1 (M.D. Fla. Feb. 25, 2016) (Mendoza, J) (expressing no opinion on separate general releases of non-pending claims). *See also Middleton v. Sonic Brands L.L.C*., 2013 U.S. Dist. LEXIS 129042, at *11 (M.D. Fla. Aug. 22, 2013), report and recommendation adopted by, 2013 U.S. Dist. LEXIS 129039 (M.D. Fla., Sept. 10, 2013) (Antoon, J.) (when "substantial consideration" is paid to plaintiff beyond the amount arguably due under the FLSA, a general release "does not render the settlement unfair or unreasonable.").

settlement where the settlement represented a compromise and consideration in the form of a neutral reference was promised by Defendant to Plaintiff in exchange for a broad general release); *Weldon v. Blackwoods Steakhouse, Inc.,* No. 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014) (approving settlement containing general release and non-disparagement agreement where the plaintiff received full compensation of FLSA claim and $100.00 in additional consideration for same); *Smith v. Aramark Corp.*, No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014) (approving FLSA settlement agreement where plaintiff received full compensation and additional consideration for general release, confidentiality, and non-disparagement agreement). Here, there is no representation that any additional monetary consideration or otherwise was given for the general release provision. Accordingly, I submit that it is unenforceable as written and should be limited to a release of the FLSA claims actually raised in the lawsuit.

> Also unenforceable is the confidentiality clause in Paragraph 7 which provides:
>
> Plaintiff and Defendants, alike, agree that the fact of this Agreement as a full and fair payment and satisfaction of Plaintiff's disputed claims may properly be disclosed consistent with, and in furtherance of the FLSA; but the Parties otherwise desire, intend and agree to keep confidential, and refrain from dissemination, of every specific, detailed term and condition of this Agreement, so that any violation of this specific covenant by any Party is, and will be deemed, a material breach of this Agreement, terminating any further covenant, promise, duty, or obligation contained in it.

Courts within this Circuit routinely reject such confidentiality clauses contained in FLSA settlement agreements because they "thwart Congress's intent to ensure widespread compliance with the FLSA." *Pariente v. CLC Resorts and Devs., Inc.*, No. 6:14–cv–615–Orl–37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Oct. 24, 2014) (internal quotations omitted and citing authorities). Additionally, such provisions have been rejected because they are inherently unenforceable due to the public filing of the settlement agreements containing the confidentiality clauses. See *Housen*

*v. Econosweep & Maint. Servs., Inc.*, No. 3:12–cv–461–J–34TEM, 2013 WL 2455958, at *2 (M.D. Fla. Jun. 6, 2013) (confidentiality clauses are unenforceable when the settlement agreement is filed on the public docket and citing authority). Notably, while such provisions have been approved when the plaintiff receives separate consideration, there is no such representation in this case. *See Smith v. Aramark Corp.*, Case No. 6:14–cv–409–Orl–22KRS, 2014 WL 5690488, at *3–4 (M.D. Fla. Nov. 4, 2014) (approving FLSA settlement providing separate consideration for a confidentiality and non-disparagement clause); *Caamal v. Shelter Mortg. Co.*, Case No. 6:13–cv–706–Orl–36KRS, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) (approving FLSA settlement providing $500.00 as separate consideration for a general release, non-disparagement clause, and waiver of future employment with defendant).

Even though Plaintiff's broad general release and the confidentiality provision are unenforceable (in the absence of any additional information), they do not preclude approval of the settlement agreement in this case. *See e.g., Niles v. Denny's Inc.,* No. 6:16-cv-999-Orl-40TBS 2017 WL 1352232, at *2 (M.D. Fla. March 22, 2017) (recommending that settlement agreement be approved after modifying the broad general release to include only the named defendant); *Brown v. SeaDog Brewpub BV, LLC,* No. 6:16-cv-898-Orl-40GJK, 2016 WL 7743030, at *4 (M.D. Fla. Dec. 29, 2016) (recommending that settlement agreement be approved after striking general release and confidentiality provision). Indeed, the settlement agreement here contains a severability provision in Paragraph 10. Thus, terms in the parties' settlement agreement may be severed without affecting the enforceability of the rest of the agreement.

### III. Recommendation

Accordingly, I **RECOMMEND** that:

1. The Court **MODIFY** the general release in Paragraph 3 to include only the

FLSA claims raised in this lawsuit;

    2. The Court **STRIKE** the confidentiality provision in Paragraph 6;

    3. The Court **GRANT** the parties' joint motion for approval of the settlement agreement (Doc. 23) with the modifications set forth above, as it is a fair and reasonable compromise of Plaintiff's FLSA claim.

Recommended in Ocala, Florida on September 27, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy